LISA D. NICOLLS, SBN 234376
BROOKE E. WASHBURN, SBN 248114
MURPHY AUSTIN ADAMS SCHOENFELD LLP
555 Capitol Mall, Suite 850
Sacramento, CA 95814
Telephone: (916) 446-2300
Facsimile: (916) 503-4000
Email: lnicolls@murphyaustin.com
Email: bwashburn@murphyaustin.com

Attorneys for Defendant
JEFFREY PETERSON, an individual

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES *ex rel*. MATTHEW ZUGSBERGER,<br><br>Plaintiff,<br><br>v.<br><br>T.L. PETERSON, INC., a California corporation; JEFFREY PETERSON, an individual,<br><br>Defendant. | Case No. CV191628JSC<br><br>**DEFENDANT JEFFREY PETERSON'S ANSWER TO COMPLAINT** |

Defendant JEFFREY PETERSON ("PETERSON") answers Plaintiff and Relator Matthew Zugsberger's ("Plaintiff") Complaint as follows:

1. Answering paragraph 1 of the Complaint, Defendant PETERSON presumes that Matthew Zugsberger brought this False Claims act on behalf of the US, however, PETERSON denies each and every factual allegation asserted in paragraph 1, including the contentions that PETERSON knowingly made any false or fraudulent claims.

I. **PARTIES**

2. Answering paragraph 2 of the Complaint, PETERSON admits each and every allegation therein.

3. Answering paragraph 3 of the Complaint, PETERSON admits each and every

allegation therein.

4. Answering paragraph 4 of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

5. Answering paragraph 5 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of its allegations, and on that basis, deny each and every allegation contained therein.

6. Answering paragraph 6 of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

## II.  JURISDICTION

7. Answering paragraph 7 of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

## III.  VENUE

8. Answering paragraph 8 of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

## IV.  INTRADISTRICT ASSIGNMENT

9. Answering paragraph 9 of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

## V.  FACTS

10. Answering paragraph 10 of the Complaint, Defendant admits each and every allegation therein.

11. Answering paragraph 11 of the Complaint, Defendant admits each and every allegation therein.

12. Answering paragraph 12 of the Complaint, Defendant denies each and every

remaining allegation therein.

13. Answering paragraph 13 of the Complaint, Defendant denies each and every remaining allegation therein.

14. Answering paragraph 14 of the Complaint, Defendant admits each and every allegation therein.

15. Answering paragraph 15 of the Complaint, Defendant denies each and every remaining allegation therein.

16. Answering paragraph 16 of the Complaint, Defendant admits each and every allegation therein.

17. Answering paragraph 17 of the Complaint, Defendant admits each and every allegation therein.

18. Answering paragraph 18 of the Complaint, Defendant denies each and every remaining allegation therein.

19. Answering paragraph 19 of the Complaint, Defendant denies each and every remaining allegation therein.

20. Answering paragraph 20 of the Complaint, Defendant admits it previously and properly sought payments for federal construction contract nos. INP17PC00639, INP17PC00034, INP17PX03507, W9123818C0026 and N4425516D8013-N4425518F4342.  PETERSON admits that it has received some payments as to each of the contracts referenced in paragraph 20, however, PETERSON denies that all payments due and owing for work previously performed have been paid in full.

21. Answering paragraph 21 of the Complaint, Defendant denies each and every allegation therein.

22. Answering paragraph 22 of the Complaint, Defendant is without knowledge at this time or information sufficient to form a belief as to the truth or falsity of its allegations, and on that basis, denies each and every allegation contained therein.

23. Answering paragraph 23 of the Complaint, Defendant denies each and every allegation therein.

24. Answering paragraph 24 of the Complaint, Defendant denies each and every allegation therein.

25. Answering paragraph 25 of the Complaint, Defendant denies each and every allegation therein.

## FIRST COUNT

## FALSE CLAIMS ACT, 31 U.S.C. §3729(a)(1)(A)

### Against Peterson and Mr. Peterson

26. Answering paragraph 26 of the Complaint, Defendant incorporates by reference as if fully set forth herein their responses to paragraphs 1 through 25 as set forth above.

27. Answering paragraph 27 of the Complaint, Defendant denies each and every remaining allegation therein.

28. Answering paragraph 28 of the Complaint, Defendant denies each and every remaining allegation therein.

29. Answering paragraph 29 of the Complaint, Defendant denies each and every allegation therein.

## SECOND COUNT

## FALSE CLAIMS ACT, 31 U.S.C. § 3729(A)(1)(B)

### Against Peterson and Mr. Peterson

30. Answering paragraph 30 of the Complaint, Defendant incorporates by reference as if fully set forth herein their responses to paragraphs 1 through 29 of this Answer.

31. Answering paragraph 31 of the Complaint, Defendant denies each and every remaining allegation therein.

32. Answering paragraph 32 of the Complaint, Defendant denies each and every remaining allegation therein.

33. Answering paragraph 33 of the Complaint, Defendant denies each and every remaining allegation therein.

///

///

## THIRD COUNT

## FALSE CLAIMS ACT, 31 U.S.C. § 3729(a)(1)(A)

### Against Peterson and Mr. Peterson

34. Answering paragraph 34 of the Complaint, Defendant incorporates by reference as if fully set forth herein their responses to paragraphs 1 through 33 set forth above.

35. Answering paragraph 35 of the Complaint, Defendant PETERSON admits Federal Contract No. W9123818C026 issued by US Army Corps of Engineers, Sacramento Contracting Division, was an acquisition that proceeded as a Women Owned Small Business set-aside. With regard to the other allegations set forth in paragraph 35, PETERSON denies each and every remaining allegation.

36. Answering paragraph 36 of the Complaint, Defendant admits PETERSON was previously certified as a WOSB.

37. Answering paragraph 37 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of its allegations, and on that basis, denies each and every allegation contained therein.

38. Answering paragraph 38 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of its allegations, and on that basis, denies each and every allegation contained therein.

39. Answering paragraph 39 of the Complaint, Defendant denies each and every remaining allegation therein.

40. Answering paragraph 40 of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

41. Answering paragraph 41 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of its allegations, and on that basis, denies each and every allegation contained therein.

42. Answering paragraph 42 of the Complaint, Defendant denies each and every remaining allegation therein.

43. Answering paragraph 43 of the Complaint, Defendant denies each and every remaining allegation therein.

44. Answering paragraph 44 of the Complaint, Defendant denies each and every remaining allegation therein.

### FOURTH COUNT

### FALSE CLAIMS ACT, 31 U.S.C. § 3729(a)(1)(B)

### Against Peterson and Mr. Peterson

45. Answering paragraph 45 of the Complaint, Defendant incorporates by reference as if fully set forth herein their responses to paragraphs 1 through 45 as set forth above.

46. Answering paragraph 46 of the Complaint, Defendant denies each and every remaining allegation therein...

47. Answering paragraph 47 of the Complaint, Defendant denies each and every remaining allegation therein.

48. Answering paragraph 48 of the Complaint, Defendant denies each and every remaining allegation therein.

49. Answering paragraph 49 of the Complaint, Defendant denies each and every remaining allegation therein.

### VI.   AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. The Complaint as a whole, and each purported claim for relief alleged therein, fails to state facts sufficient to constitute a claim for relief against Defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

2. Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred because Plaintiff is estopped by his own conduct to claim any right to damages or any relief against Defendant.

### THIRD AFFIRMATIVE DEFENSE

### (Laches)

3.  Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

4.  Plaintiff comes to this Court with unclean hands, and is, therefore, barred from recovery under this Complaint, or any claim for relief thereof.

### FIFTH AFFIRMATIVE DEFENSE

### (No Injury or Damage)

5.  Plaintiff has suffered no injury or damages as a result of any conduct by Defendant.

### SIXTH AFFIRMATIVE DEFENSE

### (Contribution)

8.  In the event Plaintiff should be awarded judgment against Defendant in any manner or in any amount by virtue of the Complaint, Defendant is entitled to contribution by third-parties for such amounts from those parties, including those who are presently unknown or unidentified, who were primarily responsible for such damages.

### SEVENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

9.  Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to the within action. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

### EIGHTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

10. Defendant alleges that each purported cause of action in the Complaint, or some of the causes of action, are barred, or recovery should be reduced, pursuant to the doctrine of avoidable consequences.

### NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

11. Defendant alleges that the Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statutes of limitations.

### TENTH AFFIRMATIVE DEFENSE

### (Good Faith Personnel Action)

12. Defendant alleges that Defendant's actions were a just and proper exercise of management discretion, which were undertaken for a fair and honest reason regulated by good faith under the circumstances then existing.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Damage)

13. Defendant alleges that the claims of the Plaintiff may be barred, in whole or in part, due to a lack of any cognizable injury or damages legally compensable at law.

### TWELFTH AFFIRMATIVE DEFENSE

### (Waiver)

15. Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred because Plaintiff waived his claim to any right, damages or relief against Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Private Right of Action)

16. Defendant alleges that Plaintiff's causes of action, and each of them, are barred in that they do not provide for a private right of action.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

17. Defendant alleges that Plaintiff's claims are barred in whole or in party because Plaintiff lacks standing. Further, Relator is precluded under 31 U.S.C. § 3730(4)(A) from pursuing this action, because he lacks knowledge that is independent of information that has been previously published to the public.

///

## FIFTEENTH AFFIRMATIVE DEFENSE

## (Lack of Defendants' Willful Conduct)

20. Defendant alleges that Plaintiff's Complaint as a whole, and each purported cause of action therein, is barred in whole or in part and/or recovery is precluded because Defendant's conduct was not willful.

## SIXTEENTH AFFIRMATIVE DEFENSE

## (Reservation of Right to Assert or Delete Affirmative Defenses)

22. Defendant alleges that because Plaintiff's Complaint is couched with conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to the within action. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

## SEVENTEENTH AFFIRMATIVE DEFENSE

## (Improper Purpose)

26. Plaintiff is barred from any recovery under the Complaint and further Plaintiff is subject to sanctions under Federal Rules of Civil Procedure, Rule 11, by virtue of the fact that the filing of the Complaint was done for an improper purpose and the factual allegations contained therein lack merit any evidentiary support.

## PRAYER

Wherefore, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing from Defendant by reason of the Complaint;
2. That the Complaint be dismissed in its entirety with prejudice;
3. The Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

///

///

///

4. For an award of attorneys' fees and costs to Defendant to the extent available under applicable law; and

5. For any other and further relief that the Court deems just and proper.

Dated: December 10, 2019                    MURPHY AUSTIN ADAMS SCHOENFELD LLP


By:_____
    LISA D. NICOLLS
    BROOKE E. WASHBURN
    Attorneys for Defendant
    JEFFREY PETERSON, an individual